UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-CV-00038-AGF |
| APCI HOLDINGS, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for summary judgment against Defendant APCI Holdings, Inc., under the Employee Retirement Income Security Act. 29 U.S.C. § 1132. ECF No. 20. Plaintiffs are the union and trustees of various employee benefit plans. Defendant is an employer bound by a collective bargaining agreement requiring it to submit contributions to the plans. In January 2018, Plaintiffs filed this action to recover delinquent contributions and liquidated damages owed to them pursuant to the terms of that agreement. 29 U.S.C. § 1145.

Defendant timely answered the complaint and admitted that it was a signatory to the agreement. ECF No. 6, ¶ 31. This Court issued a Case Management Order requiring the parties to conduct an audit and file status reports advising the Court of their efforts to resolve the matter. ECF No. 11. Plaintiffs filed such reports in July and August 2018 informing the Court that Defendant had supplied the requisite payroll records and an audit was in progress. ECF Nos. 15, 19. Upon completion of the audit, Plaintiffs filed

the present motion, along with supporting documentation, seeking summary judgment against Defendant in the amounts of $31,624.86 for delinquent contributions, $6,324.88 for liquidated damages, and $921.45 for audit costs, for a total of $38,871.19. Defendant did not file any opposition to the motion, and the time to do so has passed.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Metro. Prop. & Cas. Ins. Co. v. Calvin*, 802 F.3d 933, 937 (8th Cir. 2015). Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Duluth, Winnipeg & Pac. Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008).

Plaintiffs have submitted uncontroverted evidence supporting their motion, namely the collective bargaining agreement obligating Defendant to remit dues and submit contributions to the Plaintiff funds, and affidavits and exhibits reflecting the amounts owed. ECF No. 20-2-6. "The findings of plaintiffs' accountants are presumptively valid," and the "burden is on the employer to produce evidence countering the audit." *Greater St. Louis Const. Laborers Welfare Fund v. H2K Const., LLC*, 4:09CV1306MLM, 2010 WL 2640192, at *1 (E.D. Mo. June 28, 2010). Defendant has

supplied no argument or evidence suggesting the existence of a genuine issue of fact precluding summary judgment.  Consequently, the Court finds that the record leaves no issue of fact in dispute, and Plaintiffs are entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion is **GRANTED**.  ECF No. 20.  A Judgment against Defendant in the amount of $38,871.19 shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file any request for attorney fees no later than December 7, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2018.